6012. MACON GEORGIA STATE FAIR ASSOCIATION *v.* GORDON et al.

BROYLES, J. 1. The court did not err in· overruling the general demurrer.
2. The special grounds of demurrer, having been met by proper amendment, were also properly overruled.
3. The evidence abundantly authorized the verdict, and the trial judge, in his charge, or in his refusal to charge, committed no error requiring the grant of a new trial. *Judgment affirmed.*
DECIDED JUNE 28, 1915.

Action for damages; from city court of Macon—Judge Hodges. August 7, 1914.

The petition alleged, in substance, that the defendant, a corporation engaged in the business of conducting State fairs, conducted a State fair in Central City Park in the city of Macon from October 27 to November 6, 1909; that on September 8, 1909, the defendant entered into a written contract with the plaintiffs (a copy of which is set out), by the terms of which the defendant granted to the plaintiffs the exclusive privilege of selling articles of specified kinds on the fair grounds during the fair, and to furnish to the plaintiffs space for five stands and twelve helpers' tickets, in consideration of the payment of $750 by the plaintiffs in specified installments, which the plaintiffs paid on the stipulated dates; and that, although the plaintiffs complied with their part of the contract, the defendant committed several breaches of the contract, to the injury and damage of the plaintiffs; that in violation of the said privileges granted to the plaintiffs, the defendant sold the same and similar privileges to one Frederick Kaufman, who exercised them during the said fair, to the injury and damage of the plaintiffs; that the defendant was again guilty of breach of said contract in permitting Kaufman, and his sublessees and employees, to conduct the sale of articles, the exclusive sale of which was granted to the plaintiffs; that the defendant again committed a breach of said contract in not furnishing to the plaintiffs five stands and protecting the plaintiffs in the enjoyment thereof, as it was the duty of the defendant to do under said contract. Paragraph 11 of the petition, as amended, alleged, that by the conduct of the defendant in granting the said privileges to Kaufman and in permitting him, his sublessees and employees to exercise them, and in failing to furnish the plaintiffs four of the promised five stands, the plaintiffs were injured and damaged in the sum of $750 paid to the defendant for said exclusive privileges, which was a total loss to them, and the further sum of $1,483.99 for expenses incurred by the plaintiffs in performance of their part of said contract, besides their loss of time, to the amount of $100, thus aggregating an expense and loss of $1,583.99, "including said $750 paid for said privilege of 5 stands and exclusive right of sale, and including $50 paid said Kaufman, and the sums of $75, $98.30, and $32.15 paid Rudolph (said last four payments aggregating $255.45 paid under compulsion to prevent said competition in the latter three days of said fair); all of which appears by annexed bill of particulars that

plaintiffs having received from sales (including $150 of goods left on hand) the sum of $1,419.80; all of which netted to plaintiffs a loss of said $750, and said balance of expense and loss over and above receipts and assets left, amounting to $164.19; thus aggregating a net loss to plaintiffs, to amount of $914.19 and interest from November 6, 1909, and thus entailing loss of amount paid for the four stands not furnished; and said $255.45 paid under said compulsion to prevent said competition, and interest on said two latter sums from November 6, 1909; all said losses due to said breach of contract by defendant; and plaintiffs pray against defendant recovery of said several sums. . . Plaintiffs pray against defendant the recovery of the sums hereinbefore set forth, to wit, said $914.19, said four fifths of said $750 paid for stands not furnished, and said $255.45, and interest on said sums from November 6, 1909, at 7 per cent. per annum." The bill of particulars specified numerous payments "for goods" and freight, included in the above-stated sum of $1,483.99, "expenses incurred."

The demurrer was on the following grounds: (1) The petition sets forth no cause of action. (2) "Defendant specially demurs to the 11th paragraph of said petition because the damages claimed are not recoverable for the injuries complained of, are not the measure thereof, are only the imaginary and possible results of the alleged tortious acts complained of (other and contingent circumstances preponderating largely, if not altogether, in causing the injurious effect complained of), are not the legal and natural result of the act complained of, are not traceable to the act complained of, are not the legal and material consequence of the act complained of, are too remote and contingent, and are not in any way compensation for the injury complained of."

The verdict was for $514.19.

*Miller & Jones,* for plaintiff in error.

*Nottingham & Nottingham,* contra.